996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marilyn FORTNER, Plaintiff-Appellant,
v.
MICHIGAN BELL TELEPHONE COMPANY, Defendant-Appellee.
 No. 92-2074.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 E.D. Mich., No. 91-73491, Friedman, J.
 E.D.Mich.
 AFFIRMED.
 BEFORE: KEITH and RYAN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Marilyn Fortner appeals pro se from a district court judgment dismissing her employment discrimination case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Fortner alleged that the defendant discriminated against her because of her race 1) by failing to promote her, 2) by terminating her employment, and 3) by retaliating against her for filing a charge with the EEOC. On July 30, 1992, the district court awarded summary judgment to the defendant. It is from this judgment that Fortner now appeals. Her brief on appeal contains a request for counsel.
 
 
 3
 A de novo review of the record indicates that Fortner began working for the defendant in 1978 as a clerk. In 1983, she was promoted and became a service representative. Fortner was terminated in March 1986, but she was reinstated in 1987 after a grievance settlement. The evidence submitted with the defendant's summary judgment motion indicates that Fortner's termination and her lack of further promotions were primarily justified by a record of poor attendance and tardiness.
 
 
 4
 It is undisputed that Fortner was terminated because she was unable to work. Fortner asserts that she was incapacitated by sickness, but the record indicates that she had expended all of her available sick leave before she was terminated. Thus, Fortner has not made a prima facie showing of discrimination because her allegations of discriminatory intent are wholly conclusory. See Wilson v. Stroh Cos., 952 F.2d 942, 945-46 (6th Cir.1992). Moreover, Fortner did not exhaust her administrative remedies by submitting a right-to-sue letter from the EEOC regarding this claim. See Ang v. Proctor & Gamble Co., 932 F.2d 540, 545-46 (6th Cir.1991).
 
 
 5
 Fortner also alleged that she was discriminated against because the defendant did not place her in a "management development program." However, an affidavit submitted with the defendant's summary judgment motion shows that it does not have a formal program of this type. In addition, the record shows that Fortner was afforded opportunities to obtain training and supervisory experience. Moreover, the defendant has articulated a legitimate non-discriminatory reason for failing to promote Fortner, and it was properly awarded summary judgment because she has not countered this proof. See Harper v. Frank, Nos. 91-2200/92-2232, 1993 WL 25334, at * 2, 1993 U.S.App. LEXIS 1894, at * 6-7 (6th Cir. Feb. 8, 1993).
 
 
 6
 Fortner alleged that the defendant retaliated against her because she had filed a discrimination claim regarding her termination in 1986. The EEOC denied Fortner's retaliation claim, finding that her employee rating had improved when her attendance improved and that she had served more time as a management replacement than comparable employees. These findings are not in dispute. Moreover, Fortner has not developed specific facts in support of her retaliation claim, and her unsupported allegations are not sufficient to create an issue for trial in light of the defendant's proof. See Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 314-15 (6th Cir.1989).
 
 
 7
 Accordingly, Fortner's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.